# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| PAUL MOUSSET JOSEPH | CIVIL ACTION NO. 05-1636 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ALBERTO GONZALES, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

On September 16, 2005, Petitioner filed a Petition for Writ of *Habeas Corpus* [Doc. No. 1]. The Government filed a response and supplemental response to the Petition [Doc. Nos. 3 & 10].

On March 6, 2006, Magistrate Karen L. Hayes issued a Report and Recommendation [Doc. No. 12] recommending that Petitioner's Petition be dismissed without prejudice. Petitioner is a native of Haiti, and removals to that country had been suspended pending the completion of that country's presidential election in October 2005. Elections were not completed until February 17, 2006, when a president was declared. Magistrate Judge Hayes determined that it was reasonably foreseeable that Petitioner would be removed in the near future.

Before reaching a final determination on the Petition and given the passage of three months since the election, the Court found that a status report would be helpful. Accordingly, on May 15, 2006, the Court ordered the Government to file a status report by May 30, 2006.

On May 26, 2006, the Government filed a response, indicating that Petitioner had been transferred to the custody of state authorities in Douglas County, Georgia.

Accepting this response, the Court dismissed Petitioner's Petition without prejudice as

moot since Petitioner was no longer in federal custody.

However, on July 21, 2006, Petitioner filed a "Motion to Have Court Compell [sic] DHS/ICE Not to Restrain or Prolong Chartered Flight to Haiti" [Doc. No. 19]. In that motion, Petitioner points out that, while he was technically in the custody of state authorities on May 26, 2006, he was released from state custody to the custody of ICE on May 27, 2006, one day later. Further, attached to his motion is a notice of release dated May 9, 2006, indicating that his release date would be May 27, 2006. In light of this documentation, the Court re-opened Petitioner's case and ordered the Government to file a written response by August 10, 2006.

The Government filed its response, indicating that the Petitioner was transferred back into its custody on June 2, 2006, the same date the Court dismissed Petitioner's Petition. The Government further indicated that Petitioner might be deported to Haiti on an August 14, 2006 flight.

In light of this information, the Court ordered that the case remain open and that the Government file another status report no later than August 18, 2006, updating the status of Petitioner's deportation.

On October 2, 2006, the Court ordered the Government to file another status report in this matter. The Government complied by filing another status report on October 16, 2006. The Court found that it was in the interest of justice to continue to monitor the case. The Court determined that it would not grant Petitioner's motion for release [Doc. No. 28] at that time. The Government was given a final opportunity to file a status report by December 18, 2006.

In the meantime, on November 27, 2006, Petitioner filed a "Motion for this Court to Compel DHS\ICE [sic] for the Sixty Days Extension Will Be the Last to Remove or Releases

[sic] Petitioner" [Doc. No. 31]." The Court issued a Minute Entry on December 1, 2006, indicating that it would rule on Petitioner's motion after the December 18, 2006 deadline for the Government's status report.

On December 13, 2006, the Government filed a Motion to Dismiss [Doc. No. 35], indicating that Petitioner has been deported.

Because Petitioner contests only his continued detention, and there are no collateral consequences that survive his deportation, the Court finds that his claims are now MOOT. Accordingly, the Government's Motion to Dismiss is GRANTED, and Petitioner's Petition for Writ of *Habeas Corpus* is DENIED AND DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 15th day of December, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE